UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THADDEUS DICKEY, III,

    Plaintiff,                          Case No. 24-11238

v.                                          Honorable Nancy G. Edmunds

TOWNSHIP OF CANTON,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Thaddeus Dickey, III brings a pro se complaint against the Township of Canton.[1] (ECF No. 1.) Plaintiff has also filed an application to proceed without the prepayment of fees or costs ("in forma pauperis" or "IFP"). (ECF No. 2.) For the reasons below, the Court GRANTS Plaintiff's request to proceed IFP and DISMISSES his complaint.

**I.     Plaintiff's Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." The Supreme Court has held that one need not "be absolutely destitute to enjoy the benefit of" proceeding IFP. *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). Here, Plaintiff indicates that he does not receive any income and that he relies on

---

[1] This case was reassigned to the Honorable Nancy G. Edmunds as a companion case to Case No. 16-10118. (ECF No. 6.)

1

disability benefits. Based on this affidavit, the Court grants Plaintiff's application to proceed IFP.

II.     **Plaintiff's Complaint**

    A.     **Legal Standard**

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled in part on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). Specifically, the district court is obligated to dismiss a civil complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

    B.     **Analysis**

Plaintiff asserts in his bare-bones complaint that "on 10/10/2014 [he] was arrested at Walmart in Canton Michigan which was an act of fraud." (ECF No. 1, PageID.4.) In addition to citing to the statute that criminalizes fraud, 18 U.S.C. § 1341, Plaintiff includes a list of claims, some of which are constitutional claims, such as unlawful search and seizure, and some of which are common law claims, such as libel and slander. (*Id.* at PageID.3, 6.) But this is not the first time Plaintiff has brought a complaint based on the October 10, 2014, arrest at Walmart. In 2016, Plaintiff filed an action against the Township of Canton and seven Canton police officers alleging a violation of his rights under 42

2

U.S.C. § 1983 and several state law claims as a result of the same arrest.[2] (Case No. 16-10118.) On Magistrate Judge David R. Grand's recommendation, this Court entered summary judgment in favor of the defendants and dismissed that case with prejudice. (*See id.* at ECF Nos. 52, 54, 55.)

Under the doctrine of res judicata, also known as claim preclusion, "a valid and final judgment on a claim precludes a second action on that claim or any part of it." *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Res judicata "applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been raised* in an earlier action." *Id.* at 214 (citations omitted) (emphasis in original). Here, all four elements of res judicata are present: (1) a final decision on the merits by a court of competent jurisdiction was entered in the previous case; (2) the present action is between the same parties or their privies; (3) the issues in the present action were litigated or should have been litigated in the prior action; and (4) there is an identity of the causes of action, which arose out of the same transaction. *See Browning v. Levy*, 283 F.3d 761, 771-74 (6th Cir. 2002). Because Plaintiff's complaint is barred by the doctrine of res judicata, it lacks an arguable basis in law or in fact and is subject to dismissal as frivolous. *See Taylor v. Reynolds*, 22 F. App'x 537, 539 (6th Cir. 2001).

And even if res judicata did not apply here, Plaintiff's complaint is also subject to dismissal for failure to state a claim upon which relief may be granted. Plaintiff cites to § 1341, but a private individual cannot pursue an alleged violation of federal criminal law

---

[2] Plaintiff initially filed that case in the Wayne County Circuit Court, but the defendants removed the matter to this Court.

unless the criminal statute at issue provides for a private right of action. *See Meier v. Wyndham Hotels & Resorts, Inc.*, No. 23-1101, 2023 U.S. App. LEXIS 19595, at *6-7 (6th Cir. July 28, 2023). There is no private cause of action under § 1341. *See Selmon-Austin v. Wells Fargo Bank*, No. 22-5873, 2023 U.S. App. LEXIS 9302, at *5 (6th Cir. Apr. 17, 2023). Moreover, under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Here, Plaintiff's complaint does not include any factual allegations and cannot survive scrutiny under Rule 12(b)(6) even under the less stringent standards afforded to pro se litigants.

In sum, the Court dismisses Plaintiff's complaint because it is frivolous and fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B).

### III. Conclusion

For the foregoing reasons, Plaintiff's application to proceed without prepaying fees or costs is GRANTED, and his complaint is DISMISSED with prejudice.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 12, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 12, 2024, by electronic and/or ordinary mail.

s/Marlena A. Williams
Case Manager